09-2283-cr
USA v. Bills

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand ten.

Present:
    RALPH K. WINTER,
    GUIDO CALABRESI,
    ROBERT A. KATZMANN,
        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                        No. 09-2283-cr

CHINITHIA BILLS, also known as Chinithia
Hamilton, also known as Cynthia Bells,

     *Defendant-Appellant*.

---

For Appellant:          Marjorie M. Smith, Piermont, N.Y.

For Appellee:           Michael Ferrara, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of conviction by the United States District Court for the Southern District of New York (Lynch, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

On October 1, 2008, Defendant-Appellant Chinithia Bills was indicted for bank fraud in violation of 18 U.S.C. §§ 1344 and 2. Bills pleaded guilty to this offense, and on May 14, 2009, the district court sentenced her principally to a term of 37 months' imprisonment. On appeal, Bills contends that this sentence was unreasonably high and in particular argues that the district court erred by treating the Guidelines sentence as presumptively reasonable and by failing to provide adequate justification for its imposition of such a sentence given her status as a first-time, nonviolent offender who was the mother of a young daughter.

We review a district court's sentence for reasonableness and, in doing so, apply a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted), *cert. denied*, 129 S. Ct. 2735 (2009). A district court commits procedural error by, *inter alia*, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "As we have often said, we do not require 'robotic incantations' that the district court has considered each of the § 3553(a) factors." *Cavera*, 550 F.3d at 193 (quoting *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005)). In assessing the substantive reasonableness of a sentence, we set aside a district court's sentence "only in exceptional cases where the trial court's decision 'cannot be located

2

within the range of permissible decisions.'" *Id.* at 189 (*United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Upon careful review of the record, we easily conclude that the district court did not afford the Guidelines presumptive force and that it adequately explained its decision to impose a within-Guidelines sentence. The district court noted both at Bills's plea hearing and during her sentencing that the Guidelines were a factor that must be considered in determining the sentence, but also made clear that it was not required to impose a sentence within the Guidelines range, and nowhere suggested that a within-Guidelines sentence was presumptively reasonable. Furthermore, in explaining its decision to impose a 37-month sentence, the district court thoughtfully addressed the sentencing factors set forth in 18 U.S.C. § 3553(a) and specifically acknowledged Bills's first-time offender status and the likely effects of her incarceration on her daughter. Weighing those mitigating factors against the seriousness of the offense and the need for deterrence, the district court concluded that a sentence at the bottom end of the Guidelines range was appropriate. We find no procedural or substantive error in that conclusion.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3